IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WAYNE DICKS, | |
| Plaintiff, | CASE NO.: 8:24-CV-174 |
| vs. | |
| THE CITY OF OMAHA, | |
| DONALD KLEINE, | COMPLAINT |
| Individually and as Douglas County Attorney, | |
| MANDEE KAMPBELL, | |
| Individually and as a Sergeant for the Omaha Police Department, | |
| DAVID KIRK, | |
| Individually and as an Officer of the Omaha Police Department, | |
| RICHARD PORTERA, | |
| Individually and as an Officer of the Omaha Police Department, | |
| Defendants. | |

　　COMES NOW Plaintiff, Wayne Dicks, by and through his attorney of record, for his causes of action against the defendants, is informed and believes, and upon such information and belief, states and alleges as follows:

<u>INTRODUCTION</u>

　　1.　This lawsuit is being brought pursuant to the provisions of 42 U.S.C. § 1983 for infringement of Wayne Dick's civil rights guaranteed by the Second, Fourth, and Fourteenth Amendments of the United States Constitution and other applicable law. Wayne Dicks seeks relief for injuries sustained after being subjected to a false arrest, malicious prosecution, and subsequently acquitted for

one count of terroristic threats and one count of use of a deadly weapon (firearm) to commit a felony in the Nebraska District Court of Douglas County.

2. Wayne Dicks was wrongly arrested and prosecuted for terroristic threats and use of a deadly weapon (firearm) to commit a felony following a investigation led by the Omaha Police Department based upon Sargeant Mandy Kambell's willful disregard of exculpatory evidence obtained from witness statements at the scene and from conferring with other officers at the scene. Though a jury of his peers found Wayne Dicks innocent of these charges in May 2023, he has suffered extensive harm at the hands of the Omaha Police Department and the Douglas County Attorney's Office.

3. This case arises following a police investigation into a reported shooting at 1419 S 162nd Ave in Omaha, Nebraska that occurred on Sunday November 5, 2021, at approximately 3:13AM.

4. Officers David Kirk ("Kirk") and Richard Portera ("Portera") of the Omaha Police Department were among the first to respond to the scene and contacted James Dicks and Jennifer Dicks, the brother and wife of the Plaintiff, respectively.

5. Jennifer and James Dicks were interviewed outside of the dwelling, and both confirmed that all the guns in the house were secured and put away in a gun safe.

6. Jennifer Dicks advised officers that Wayne Dicks never pointed a gun at her or threatened to shoot her and that he had in fact pointed the gun at himself.

7. Officer Portera initially determined that the appropriate course of action was for Wayne Dicks to be placed into emergency protective custody pursuant to Neb. Rev. Stat. Ann. §§ 71-919 and 71-922.

8. Officers then entered the dwelling to speak to Wayne Dicks. Upon making contact, Portera immediately proceeded to violate Wayne Dicks 5th Amendment privilege against self-incrimination by eliciting incriminating responses without administering the *Miranda* warning despite knowing there was no imminent threat based on statements made by witnesses at the scene.

9. Wayne Dicks advised that he fired a round, but only after his wife had hit him three times. The round was fired near the gun safe, and Wayne Dicks directed officers to where the round was fired. Wayne Dicks showed Kirk and Portera visible red marks on his face that were consistent with marks that result from being struck.

10. Officer Fred Hiykel ("Hiykel") was another responding officer who interviewed James and Jennifer Dicks and then relayed the results of his investigation to Sargeant Mandee Kampbell ("Kampbell") upon her arrival by stating, "I'm not even sure that we have a crime here".

11. Kampbell then advised officers that they needed to verify that Wayne Dicks was able to legally possess a firearm and that the firearms were registered.

12. Officers then determined that all the guns were registered and that both residents of the home had permits to purchase handguns.

13. Despite determining that Wayne Dicks was legally able to possess a firearm, that he never pointed a firearm at anyone, and that he never threatened to shoot anyone, Kampbell advised Kirk to arrest Wayne Dicks for Third Degree Domestic Assault and Terroristic Threats.

14. The Douglas County Attorney elected to only file one count of terroristic threats, bond was set in the amount of $30,000.00 and a preliminary hearing was scheduled.

15. Wayne Dicks appeared at his preliminary hearing in the County Court of Douglas County, Nebraska and following testimony from Kampbell, the Honorable Marcena Hendrix, County Court Judge for Douglas County, Nebraska, dismissed the charge of terroristic threats because the State failed to demonstrate that there was probable cause to support the arrest.

16. As Wayne Dicks exited the Courtroom, he was confronted by a Deputy County Attorney who advised Kampbell to rearrest him.

17. Officer Vieth #2109 of the Omaha Police Department then arrived and arrested Wayne Dicks for the crime of terroristic threats, with an offense date of November 5, 2021, the date of the offense that had just been dismissed.

18. On May 11, 2022, Wayne Dicks moved the District Court of Douglas County, Nebraska for an order suppressing statements he made to Portera because he was not mirandized.

19. On October 24, 2022, a deputy county attorney for Douglas County, Nebraska sent an email advising that Wayne Dicks had until October 31, 2022, to plead guilty to terroristic threats or that an additional 1C felony, which carries a mandatory minimum penalty of five to fifty years' incarceration, would be added.

20. On May 12, 2023, a jury returned a verdict of not guilty for both terroristic threats and use of a deadly weapon (firearm) to commit a felony.

## JURISDICTION AND VENUE

21. This Court has subject-matter jurisdiction over this lawsuit's 42 U.S.C. § 1983 claims under 28 U.S.C. §§ 1331 and 1343.

22. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the actions and/or events giving rise to the state law claims are the same as those giving rise to the § 1983 claims.

23. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and 1402(b) because the actions and/or events giving rise to this lawsuit occurred in Nebraska.

## FACTUAL ALLEGATIONS

24. On Sunday, September 5, 2021, Omaha Police Officers David Kirk and Richard Portera were dispatched to 1419 S. 162nd Ave, Omaha, NE 68130 in response to reports of a gun being discharged.

25. Upon arrival, Officers made contact with Plaintiff, the Plaintiff's wife, and the Plaintiff's brother and began questioning them about the shooting.

26. Mandee Kampbell, a Sergeant for the Omaha Police Department, later arrived on scene and advised officers to charge Defendant with Domestic Assault 3rd degree a class I Misdemeanor and Terroristic Threats, a Class IIIA Felony.

27. Sergeant Kampbell was advised by multiple officers on scene that it was their subjective view was that no crime had been committed.

28. Despite several experienced officers advising against arresting the Plaintiff, Kampbell made the decision to charge Plaintiff because, "we can't let him go, even if you are in your own house, you can't pop off a couple rounds".

29. Plaintiff attended his preliminary hearing, which was held on November 8, 2021, at which time the Plaintiff's criminal charges were dismissed for a lack of probable cause.

30. As Plaintiff left the courtroom, a Douglas County Deputy County Attorney confronted Defense Counsel and the Plaintiff and advised, "your client is getting rearrested" and, "any other judge would have found probable cause".

31. Plaintiff was then arrested for the same crime that was just dismissed, Terroristic Threats (Class IIIA Felony).

32. At Defendant's initial appearance, a Douglas County Deputy County Attorney requested that Defendant be held on no bond despite the statutory prohibition that exists under state law, notably Neb. Rev. Stat. § [29-901](29-901). This is yet another egregious attempt at constitutional deprivation, this time of Plaintiff's Eighth Amendment privilege to not be held on an excessive bond.

33. Defendant was granted a bond despite the request of the County Attorney.

34. On May 11, 2022, a hearing was held on Plaintiff's motion to suppress where most of his statements were excluded because he was never administered a Miranda warning from officers who questioned him.

35. On October 24, 2022, a Deputy Douglas County Attorney advised that if Plaintiff did not plead guilty, the State would amend his information to include, Use of a Firearm to Commit a Felony (IC Felony, 5-50 years mandatory minimum).

36. At all times during Plaintiff's prosecution, he was employed full-time and worked from home. Because of the economic downturn during the COVID-

19 pandemic, Plaintiff's employer required him to start travelling for work and Plaintiff was forced to take a significant pay cut of over 50% because of his inability to travel based on his bond restrictions and pretrial release requirements.

37. A jury trial commenced on May 10, 2023, and a verdict of not guilty was returned on May 12, 2023 for all counts including Count I-Terroristic Threats and Count II-Use of a Firearm to Commit a Felony.

<u>FIRST CAUSE OF ACTION:</u>

<u>FOURTH AND FOURTEENTH AMENDMENT § 1983 CLAIM FOR WRONGFUL ARREST</u>

38. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth again.

39. The Fourth Amendment applies to the States through the Fourteenth Amendment.

40. "A warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004)

41. "The existence of probable cause depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest". *Id.*

42. During their investigation, officers determined that Wayne Dicks never threatened to shoot anyone, and never pointed a gun at anyone. Officers additionally determined that Wayne Dicks had been the victim of domestic assault due to his statements and redness and swelling consistent with being assaulted.

43. Prior to arresting Wayne Dicks, Kampbell directed officers to determine whether Wayne Dicks was legally permitted to possess a firearm and to additionally determine the legal status of the firearms.

44. Upon determining that there was no issue with any of the firearms not being registered and that both residents had obtained permits to purchase handguns, Kampbell directed Kirk to arrest Wayne Dicks because, "you can't just pop off a couple rounds, unless there is a large size disparity". This is not an accurate recitation of the law concerning the permitted use of deadly force, nor is there a round limit that can be exceeded where an offender's conduct no longer qualifies as a municipal ordinance violation and becomes a felony gun crime.

45. Despite two officers determining that the most serious offense committed was discharging a firearm in city limits, a municipal code violation, or that there was no crime committed at all, Kirk arrested Wayne Dicks at Kampbell's behest.

46. Plaintiff's arrest was not based on probable cause but was instead based on the subjective prejudice and disregard of exculpatory evidence by Sgt. Mandee Kampbell and Officers David Kirk and Richard Portera which is a deprivation of Plaintiff's 4th and 14th Amendment privilege to not be falsely arrested and is protected by 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION:

## SECOND, FOURTH, AND FOURTEENTH AMENDMENT § 1983 CLAIM FOR WRONGFUL ARREST

47. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth again.

48. On November 8, 2021, the felony charge of terroristic threats against Wayne Dicks was dismissed following his preliminary hearing.

49. Despite a county court judge determining there was no probable cause pursuant to Neb. Rev. Stat. Ann. § 29-506 and dismissing his charge, a deputy county attorney advised that Wayne Dicks was, "going to be rearrested", and that "any other county court judge would have found probable cause."

50. Wayne Dicks was then detained and arrested before he could leave the courtroom.

51. A warrantless arrest affidavit was prepared by Officer Vieth which listed the date of offense as November 5, 2021, and that the probable cause was based on Wayne Dicks firing a gun in the presence of his wife following a disturbance. This was the exact scenario held by a county court to be insufficient to bound over Wayne Dick's case for trial.

52. Wayne Dicks rearrest was not based on probable cause and instead was based on the prejudice and the underlying culture of the Douglas County Attorney's Office under Don Klein, which is a culture of abusing power and punishing lawful gun owners because of Klein's highly restrictive personal views of the Second Amendment.

## FOURTH CAUSE OF ACTION:

## FOURTH AND FOURTEENTH AMENDMENT § 1983 CLAIM FOR WRONGFUL ARREST AND MALICIOUS PROSECUTION

53. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth again.

54. Plaintiff's arrest following a preliminary hearing and dismissal by a County Court judge for a lack of probable cause amounted to both a false arrest and a malicious prosecution. A deputy county attorney advised Sgt. Kampbell to arrest Plaintiff and Kampbell requested an officer do so, both of which were violations of Plaintiff's Fourth and Fourteenth Amendment rights.

55. The State's continued prosecution following the Plaintiff having most of his statements suppressed following a pretrial motion amounted to malicious prosecution which is a violation of Plaintiff's Fourth and Fourteenth Amendment rights.

56. The State's act of amending Plaintiff's Information to include an additional IC Felony which includes a mandatory minimum term of 5 years and no less than 50 years that must run consecutive to the underlying felony was an attempt to force Plaintiff to plead guilty to a crime the State could not prove, this is undoubtedly malicious prosecution which is a violation of Plaintiff's Fourth and Fourteenth Amendment rights.

57. Richard Portera and David Kirk's statements at Plaintiff's jury trial amounted to perjury which is a further deprivation of Plaintiff's Fourth and Fourteenth Amendment rights.

58. The State's case-in-chief included coached perjury testimony by Officers Richard Portera and David Kirk and Deputy County Attorney's additionally sought to have officers testify about statements made by the Plaintiff that were previously suppressed for being obtained in violation of Plaintiff's Fifth Amendment privilege to not incriminate himself. These willful acts amounted to the fabrication of evidence and malicious prosecution, both of which are deprivations of the Plaintiff's Fourth and Fourteenth Amendment rights.

59. A jury verdict of not guilty on all counts establishes that no reasonable jury would be able to find a verdict of guilty against the Defendant, further substantiating all of the above claims.

## DAMAGES COMMON TO ALL CAUSES OF ACTION IN PLAINTIFF'S COMPLAINT

60. Wayne Dicks hereby incorporates the foregoing paragraphs as if fully set forth again.

61. As a direct and proximate cause of the unconstitutional and unlawful actions by Defendant's Don Kleine, Mandee Kampbell, Richard Portera, David Kirk and the City of Omaha, Wayne Dicks suffered injuries including but not limited to the following:
   a. Legal defense fees in the amount of at least $100,000.00
   b. Past and future lost earnings;
   c. Past and future medical expenses;
   d. Past and future physical and mental pain, suffering, anguish and emotional distress;
   e. Past and future embarrassment, humiliation, inconvenience, and loss of enjoyment of life; and,
   f. Past and future reputational damage to his name and person

WHEREFORE, Wayne Dicks prays this Couter enter a judgment against the Defendants, jointly and severally, on his First, Second, Third, and Fourth Causes of Action for the general and special damages that Wayne Dicks has and will continue to sustain; punitive damages as authorized by law; prejudgment and post-judgment interest thereon at the highest legal rate; the costs of this lawsuit; attorney fees; and such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

To the extent a jury trial is permitted by applicable law, Wayne Dicks demands a trial by jury on all matters that are triable to jury, and that the trial be held in the United States District Court for the District of Nebraska.

DATED this 11th day of May 2024.

> Wayne Dicks, Plaintiff
> /s/*Benjamin L. Bramblett*
> Benjamin L. Bramblett, #27207
> 11330 Q Street, Ste. 220
> Omaha, NE 68137
> (402) 213-8588
> benjamin@bramblettlegal.com
> Attorney for Plaintiff